FILED
May 07, 2010
CLERK, U.S. BANKRUPTCY COURT
EASTERN DISTRICT OF CALIFORNIA
0002615028

**3**

Timothy J. Silverman, Esq.[SBN 145264]
SOLOMON, GRINDLE, SILVERMAN & WINTRINGER
A Professional Corporation
12651 High Bluff Drive, Suite 300
San Diego, California 92130
Telephone: (858) 793-8500
Facsimile: (858) 793-8263

Attorneys for Secured Creditor/Moving Party
JP MORGAN CHASE BANK, N.A.

## UNITED STATES BANKRUPTCY COURT

### EASTERN DISTRICT OF CALIFORNIA - FRESNO DIVISION

| | |
|---|---|
| In re:<br><br>    EDUVIJES VASQUEZ, JR., and<br>    DORA L. VASQUEZ,<br><br>        Debtors.<br>_____<br><br>JP MORGAN CHASE BANK, N.A.,<br><br>        Movant,<br>-vs-<br><br>EDUVIJES VASQUEZ, JR., DORA L.<br>VASQUEZ, SHERYL ANN STRAIN,<br>Chapter 7 Trustee,<br><br>        Respondents.<br>_____ | Case No: 10-14060<br><br>DC No. TJS-1<br><br>Chapter 7<br><br>**MOTION FOR RELIEF FROM AUTOMATIC STAY**<br><br>Date: June 8, 2010<br>Time: 1:30 p.m.<br>Ctrm: 11<br><br>*The Courtroom of the Honorable Whitney Rimel* |

      Secured Creditor and Movant, JP MORGAN CHASE BANK ONE, N.A. ("JP MORGAN") complains and alleges as follows:

      1.    For an order terminating the automatic stay immediately to permit JP MORGAN to exercise its lawful remedies, including, but not limited to, enforcing its lien on personal property described as a 2006 Hyundai Elantra-4, VIN KMHDN46D36U359280.

///

///

2. That any proceeds arising out of the above-described personal property be immediately paid over to JP MORGAN;

3. That the Debtors be prohibited by this Court from further use or enjoyment of the above-described personal property unless JP MORGAN receives adequate protection for its interest in said personal property, and that Debtors be permitted to use the property only if JP MORGAN continues to receive adequate protection for such interest.

4. That the requirements of Bankruptcy Rule 4001(3) be waived;

5. That the Order be binding and effective despite any conversion of the bankruptcy cases to a case under any other chapter of Title 11 of the United States Code.

6. That JP MORGAN have such other and further relief as this Court deems just and proper.

Continuation of the automatic stay of 11 U.S.C. §362(a) will work real and irreparable harm to JP MORGAN, and such stay should be terminated for cause and that JP MORGAN is not adequately protected during the pendency of the Debtors' bankruptcy and that the value of the collateral described above is depreciating.

Continuation of the automatic stay of 11 U.S.C. §362(a) will work real and irreparable harm to JP MORGAN, and such stay should be terminated in that the Debtors have insufficient equity in the property referred to herein above and, therefore, JP MORGAN is not adequately protected in the Debtors' bankruptcy.

The motion will be based on the Notice of Motion, this Motion for Relief from Automatic Stay, the Declaration of Vickie L. Brafford filed herewith, on the papers and records on file herein, and such oral and documentary evidence as may be presented at the hearing of the motion.

///

///

///

///

///

Further, Creditor, JP MORGAN, submits the following separate statement of indebtedness:

## STATEMENT OF INDEBTEDNESS

As more particularly set forth in the Declaration of Vickie L. Brafford, JP MORGAN submits its Statement of Indebtedness as follows:

| | | | |
|---|---|---|---:|
| A. | Estimated fair market value: | | |
| | Schedules | | $5,325.00 |
| B. | Debt to Movant: | | |
| | JP MORGAN Balance | | $9,355.96 |
| | Attorneys' Fees | | $ 650.00 |
| | Total Due and Owing to Movant | | $10,005.96 |
| C. | Net Equity | | ($-4,680.96) |

Dated: May 6, 2010

SOLOMON, GRINDLE, SILVERMAN & WINTRINGER

By: /s/ Timothy J. Silverman
Timothy J. Silverman, Esq.
Attorneys for Movant/Creditor JP MORGAN CHASE BANK, N.A.